### FUTRELL v. HOLLOWAY.
### No. 4605.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Rehearing Denied July 15, 1933.

John A. & James H. Williams, of Colfax, for appellant.

C. H. McCain, of Colfax, for appellee.

MILLS, Judge.

In a petitory action Winburn C. Futrell asserts ownership of the southwest quarter of section 30, township 7 north of range 2 west, Louisiana Meridian, in Grant parish, except that portion lying in the northeast corner of said quarter, known as the Holloway open field, containing 36.77 acres of land, and excepting further all that piece of land known as the Jim Eubanks old field, lying in the southern part of the southwest quarter, consisting of 19.3 acres, as shown by map of R. E. McKnight made on the 6th day of February, 1929.

That defendant, W. J. Holloway, is unlawfully in possession, without right or title, of a portion of the land composed of the tracts x, y, and z, as shown on the McKnight map, and refuses to give possession of same to plaintiff. He claims also $75 as a rental for said land for a period of three years. The land in dispute is alleged to be worth $105.

In his answer defendant admits possession of the disputed land and sets up title to same in himself. He also pleads the ten-year prescription acquirendi causa, which plea was referred to the merits.

From a judgment rejecting his demand and recognizing the title of defendant, plaintiff has appealed.

Both parties claim through a common author, Thomas L. Futrell, who, on April 25, 1905, conveyed to Frank E. Sheldon the southwest quarter of said section 30, less all improvements thereon and open land now in cultivation, which is retained by vendor, amounting to 50 acres more or less, the lands herein conveyed being represented by a plat hereto annexed and made a part hereof. The plat shows the section and quarter section lines in black and the lands reserved in ink. The part reserved with which we are concerned, there being no dispute as to the Jim Eubanks old field, appears on the plat as being roughly right-angle triangular in shape and lying in the extreme northeast cor-

ner of the southwest quarter. The sides of the triangle marked in red coincide with the center lines dividing the section. The north side runs west about a quarter and a half, the east line south, not quite so far, the ends being connected by an irregular line. The whole plat is only two inches square. It is not drawn to any scale, gives no distances, has no field notes, and except where the boundaries appear to run along the center lines of the section, gives no direction.

The controversy in this case arises over the question whether or not Sheldon, the vendee, took according to the plat or according to the verbal description "open land now in cultivation." Plaintiff is claiming by mesne conveyance from Sheldon.

On February 24, 1906, Thomas L. Futrell, after the conveyance to Sheldon, sold to B. P. Ray under the following description: "Lying in triangle shape in the Northeast corner of SW ¼ of Section 30, Tp 7, North Range 2 West; bounded on the East by center line of said section running north and south, on the North by center line running East and West, on the south and West by lands sold by this vendor to F. E. Sheldon, as per map hereon shown, and made a part hereof."

The map shown on this deed is only one inch square, is similar to, but not exactly like, that on the Sheldon deed. This transfer, being of later date, could not convey any lands not reserved in the Sheldon deed, which therefore must control.

The maps, being so inexact and entirely devoid of essential data, would convey nothing standing by themselves. McKnight, the surveyor, testifies that it would be impossible to survey out the open land from either of these maps. That being so, the land conveyed was that described in the Sheldon deed as open land then in cultivation. The maps are merely illustrations.

On February 6, 1929, the Iatt Lumber Company, which had acquired under the Sheldon chain of title, employed R. E. McKnight to make a survey of the open land described in the Sheldon deed. His map is made a part of the deed from the Iatt Lumber Company to W. C. Futrell, dated February 7, 1929, and filed in evidence as Plaintiff's exhibit A.

This map does not correspond with those drawn on the deeds, in that there is a narrow strip marked X clear across the north of the triangle, containing 3.93 acres between what is surveyed as the Holloway open field and the north line of the southwest quarter. Also two tracts, one containing .4 of an acre and marked "Y," and one containing 1.9 acres, marked "Z," in the extreme southeastern corner of the triangle and between the land marked Holloway open field and the east line of said southwest quarter. On the McKnight map the east and west center

line is not the north boundary of the open land, and on the east the north and south center line is only partially so.

As the testimony shows beyond question that the plats marked "Y" and "Z" were never open field and never in cultivation except for a small garden made by defendant on "Z," defendant, as to these tracts, must rely upon his prescriptive title to prevail.

"He who acquires an immovable in good faith and by a just title, prescribes for it in ten years." C. C. art. 3478.

To support the prescription it must be shown that the possession is held under an act sufficient to transfer the ownership of the land had the grantor been the owner thereof. C. C. arts. 3479, 3482, 3487; Harang v. Gheens Realty Co., 155 La. 68, 98 So. 760.

Under Revised Civil Code, article 3479, the prescription of ten years acquirendi causa could not rest on a deed which did not embrace the land in dispute. Nelson, Curtis & Nelson v. Bridgeman, 152 La. 190, 92 So. 855.

In the deed by which defendant acquired from George W. Jones, we find the land described as: "A certain tract of land lying and being in the Northeast corner of Southwest Quarter of Sect. 30, Tp. 7, Range 2 West, and being same land acquired by vendor of Dan Ray and being the tract of land reserved in a certain sale made by T. L. Futrell to Frank E. Sheldon, as shown by and recorded in Book 'N' of Conveyances, page 219, of date April 25, 1905, to which special reference is made for full description, which is shown by a plat recorded with same deed."

As to the Sheldon deed, we have held that to determine the land conveyed, resort must be had to a survey or other sufficient evidence to establish what was open and cultivated land at its date. As we have also found that plots Y and Z did not come within that description as shown by the McKnight survey and the oral testimony in the case, defendant's plea of prescription as to these tracts must also fail.

As to the strip X, defendant does not attempt to prove any prescriptive title. It lies between the north line of the southwest quarter and defendant's fence on the south, as shown in the McKnight survey. There is some testimony that the eastern portion of the strip was in cultivation at one time, but not that it was being tilled at the time of the Sheldon transfer in 1905. McKnight testifies that the line separating the open and the wooded land was clearly marked by the character of the land and by a fence and that his survey follows that line and fence. That Holloway had no land in cultivation outside this fence except the small garden in Z.

The strip X, then, not being reserved by

T. L. Futrell in the Sheldon deed, passed to him and by mesne conveyance to plaintiff.

We therefore conclude that the judgment appealed from is incorrect.